IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ANTONIO KENTRELL HALL**                                             **PETITIONER**

**V.**                         **CAUSE NO. 3:24-CV-00295-MPM-RP**

**STATE OF MISSISSIPPI, et al.**                                          **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Antonio Kentrell Hall for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred. To date, no response by Petitioner has been filed. The matter is now ripe for consideration. For the reasons set forth below, Respondents' motion to dismiss will be granted and the instant petition will be dismissed with prejudice as untimely filed.

### Procedural Background

Petitioner Antonio Kentrell Hall is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the East Mississippi Correctional Facility located in Meridian, Mississippi. Doc. # 1. On July 14, 2015, a Grand Jury in the Circuit Court of Tate County, Mississippi, indicted Hall, among others, for one count of conspiracy to commit murder, Miss. Code Ann. § 97-1-1, and one count of deliberate design murder, Miss. Code Ann. § 97-3-19(1)(a). Doc. # 8-1 at 25-26. After many continuances, trial proceedings began on May 1, 2017, and concluded on May 5, 2017, when a jury found Hall not guilty on Count 1 (conspiracy to commit murder) but guilty as charged on Count 2 (deliberate design murder). *See* Doc. # 8-6 at 30-31; *see also* Doc. #s 8-9 at 64 through 8-15.

On August 8, 2017, Hall appeared before the trial court for sentencing, after which a Judgment was entered imposing a term of life imprisonment in MDOC custody. *See* Doc. # 8-8

at 2; *see also* Doc. #s 8-8 at 23, 8-16. The Judgment provided that Hall should be given credit of 749 days served in custody awaiting trial and sentencing. *See id.*

On June 30, 2017, Hall, through counsel, filed a notice of appeal, and later, on August 9, 2018, filed an appellant brief raising eighteen issues for review. *See* Doc. # 8-19 at 46-107. The Mississippi Court of Appeals affirmed Hall's conviction and sentence in an opinion entered on December 17, 2019. *Hall v. State*, 295 So. 3d 544 (Miss. Ct. App. 2019), *reh'g denied* (May 5, 2020); *see also* Doc. # 9-1. Hall did not seek certiorari review in the Mississippi Supreme Court.

More than two years later, on July 6, 2022, Hall, represented by counsel, filed a "Motion to Vacate Conviction and Sentencing Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act" ("PCR motion"). *See* Doc. # 8-20 at 12-35. In that filing, Hall raised six claims related to the alleged ineffective assistance of trial counsel. *See id.* In an Order dated December 2, 2022, the Mississippi Supreme Court denied Hall's PCR motion on the grounds that "none of his claims of ineffective assistance of counsel pass the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." *See* Doc. # 9-5.

On December 15, 2022, Hall, again through counsel, filed a motion for reconsideration of the denial of his PCR motion. *See* Doc. # 8-20 at 3-7. In an Order entered on January 20, 2023, the Mississippi Supreme Court denied Hall's motion for reconsideration. *See* Doc. # 9-6. The state appellate court explained that Hall had "ask[ed] the Court to suspend the rules of the Court and grant reconsideration of his post-conviction motion pursuant to Rules 27(h)(8) and 2(c)." *See id.* The court, however, found that "Hall [was] not entitled to reconsideration and that this matter [did] not warrant suspension of the rules." *See id.*

On September 16, 2024, Hall signed and submitted the instant petition for federal habeas corpus relief which was stamped as "Received" by this Court on September 20, 2024.[1] Doc. # 1. Hall seemingly argues for the application of equitable tolling and asserts that "[he] was misled into thinking that the habeas corpus was not the next proceeding after his post-conviction by his last attorney." *See* Doc. # 1 at 13. The Court entered an Order on October 2, 2024, directing Respondents to answer Hall's petition on or before December 16, 2024. Doc. # 5. In turn, on December 16, 2024, Respondents moved to dismiss Hall's petition as untimely filed. Doc. # 9. To date, no response by Hall has been filed.

## **Legal Standard**

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion to dismiss shall be granted turns on the statute's limitations period, which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Hall filed a brief in support of his petition and his arguments largely mirror those presented in his state PCR motion. *See* Doc. # 2

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

## **Analysis**

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period of time to seek it." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Hall did not seek certiorari review in the Mississippi Supreme Court, his judgment became "final" for purposes of the AEDPA, and the federal limitations period began to run, on May 19, 2020, which is fourteen (14) days after the Mississippi Court of Appeals denied Hall's motion for rehearing (May 5, 2020, plus 14 days).[2] *See* 28 U.S.C. § 2101; *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court expires"); Miss. R. App. P. 17(b) ("[A] petition for a writ of certiorari for review of the decision of the Court of Appeals must be filed in the Supreme Court . . . within fourteen (14) days from the date of entry of judgment by the Court of Appeals on the motion for rehearing."). Thus, absent statutory or equitable tolling, Hall's federal habeas petition must have been filed on or before May 19, 2021, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Hall must have filed an application for post-conviction relief ("PCR") on or before May 19, 2021, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Hall first sought post-conviction relief in the Mississippi Supreme Court on July 5, 2022. *See* Doc. # 8-20 at 12-35. As

---

[2] The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

this state PCR motion was filed more than one year *after* the federal limitations period had expired, Hall's instant federal habeas petition is not subject to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.") (emphasis omitted).

Under the "mailbox rule," the Court considers Hall's federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Hall signed his petition on September 16, 2024, and it was "Received" by the Court on September 20, 2024. *See* Doc. # 1. As such, Hall filed the instant petition more than three years after the May 19, 2021, deadline for filing said petition. Consequently, the Court may review the merits of Hall's claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted).

Although Hall does not specifically argue for the application of equitable tolling, he does allege that he "was misled into thinking that the habeas corpus was not the next proceeding after his post-conviction by his last attorney" in response to Question 18 of the Court's standard habeas complaint form which addresses the timeliness of the petition. *See* Doc. # 1 at 13. Even assuming that Hall's contention is true, such argument would fail in demonstrating the applicability of

5

equitable tolling. The Fifth Circuit has consistently held that the inability to obtain legal research materials, ignorance of the law, or proceeding *pro se* are not rare and exceptional circumstances that warrant equitable tolling. *See Felder*, 204 F.3d at 170; *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Hall attaches an affidavit from his stepfather who avers that in December 2022, Hall's post-conviction counsel "knowingly misled" them about filing a federal habeas petition. *See* Doc. # 2-3. The law, however, is clear that an attorney's misunderstanding of the applicable law does not constitute "rare and exceptional" circumstances sufficient to warrant equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002); *accord Hunt v. Mississippi*, 2007 WL 2903232, at *1 (N.D. Miss. Sept. 28, 2007). Moreover, the May 29, 2021 deadline for filing his federal habeas petition had already expired before the alleged December 2022 advice from counsel. Thus, Hall's failure to file a timely federal habeas petition *cannot* be attributed to counsel's alleged erroneous advice (even if true).

In sum, Hall has failed to demonstrate that extraordinary circumstances stood in his way nor that he otherwise acted diligently in pursuing federal habeas relief. *See Page v. Mills*, 2021 WL 4227059, at * 3 (S.D. Miss. Sept. 16, 2021); *Evans v. Fitch*, 2021 WL 151738, at * 3 (S.D. Miss. Jan. 17, 2021). Accordingly, the Court finds that equitable tolling is not warranted under these circumstances. Hall's petition is, therefore, untimely filed, and Respondents' motion to dismiss will be granted.

**Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Hall must obtain a COA before appealing this Court's

decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Hall must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

## Conclusion

For the reasons set forth above, Respondents' Motion [9] to Dismiss will be **GRANTED**, and the instant petition for a writ of habeas corpus will be **DISMISSED with prejudice** as untimely filed. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

SO ORDERED, this the 10th day of February, 2025.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI